UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Ramales Photography LLC,<br><br>Plaintiff,<br><br>v.<br><br>Prive Goods, LLC d/b/a Prive Revaux,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Ramales Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Prive Goods, LLC d/b/a Prive Revaux ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Felipe Ramales ("*Ramales*") created a series of photographs of Brazilian model Adriana Lima (hereinafter referred to collectively as the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is an eyewear company which owns and operates a Facebook account with the name "@priverevaux" at domain www.facebook.com ("*Account 1*").

4. Defendant owns and operates a Twitter account with the name "@priverevaux" at domain www.twitter.com ("*Account 2*").

5. Defendant owns and operates an Instagram account with the name "@priverevaux" at domain www.instagram.com ("*Account 3*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photographs on the Accounts (hereinafter the social media platforms set forth above

1

are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Ramales Photography LLC is a New York limited liability company and maintains its principal place of business in Bronx County, New York.

8. Upon information and belief, defendant Prive Goods, LLC d/b/a Prive Revaux, is a Delaware limited liability company with a principal place of business at 2627 NE 203rd Street, Suite 201, Aventura in Miami-Dade County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

16. On October 17, 2019, Ramales first published a photograph of Adriana Lima wearing black sunglasses ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

17. In creating Photograph 1, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

18. On December 26, 2019, Photograph 1 was registered by the USCO under Registration No. VA 2-188-680.

19. On October 17, 2019, Ramales first published a photograph of Adriana Lima waving with black sunglasses in hand ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

20. In creating Photograph 2, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

21. On December 26, 2019, Photograph 2 was registered by the USCO under Registration No. VA 2-188-680.

22. On October 17, 2019, Ramales first published a photograph of Adriana Lima smiling on the sidewalk ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

23. In creating Photograph 3, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

24. On December 26, 2019, Photograph 3 was registered by the USCO under Registration No. VA 2-188-680.

25. On October 17, 2019, Ramales first published a photograph of Adriana Lima waving and looking off to the side ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

26. In creating Photograph 4, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

27. On December 26, 2019, Photograph 4 was registered by the USCO under Registration No. VA 2-188-680.

28. Ramales created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

29. On October 17, 2022, Plaintiff acquired the rights in and to the Photographs from Ramales by way of written assignment.

**B.      Defendant's Infringing Activity**

30. Defendant is the registered owner of the Accounts and is responsible for their content.

31. Defendant is the operator of the Accounts and is responsible for their content.

32. The Accounts are key components of Defendant's popular and lucrative commercial enterprise.

33. The Accounts are monetized in that they promote the business and its merchandise to the public and, upon information and belief, Defendant profits from these activities.

34. On or about October 22, 2019, Defendant displayed Photographs 1-4 on Account 1 as part of a social media post at URL: https://www.facebook.com/photo/?fbid=776845939426204&set=pcb.776852792758852 ("*Infringements 1-4*"). Copies of screengrabs of Account 1 including Photographs 1-4 are attached hereto collectively as Exhibit 2.

35. Further, Defendant displayed Photographs 1-3 on Account 2 as part of a social media post at URL: https://twitter.com/priverevaux/status/1186696692327780352 ("*Infringements 5-7*"). Copies of screengrabs of Account 2 including Photographs 1-3 are attached hereto collectively as Exhibit 2.

36. On or about October 26, 2019, Defendant displayed Photographs 1-3 on Account 3 as part of a social media post at URL: https://www.instagram.com/p/B4FlKvWJpgD/?hl=en ("*Infringements 8-10*"). Copies of screengrabs of Account 3 including Photographs 1-3 are attached hereto collectively as Exhibit 2.

4

37. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photographs on the Accounts.

38. Plaintiff first observed and actually discovered the Infringements on March 22, 2023.

39. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

40. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

41. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Accounts.

42. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

43. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

44. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

45. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

46. Upon information and belief, Defendant has the legal right and ability to control

5

and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant monitors the content on its Accounts.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

49. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in merchandise sales and business revenues.

50. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

51. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

52. Defendant's use of the Photographs harmed the actual market for the Photographs.

53. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

54. On February 15, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

55. Thereafter, on April 29, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

56. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

57. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

61. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating Plaintiff's exclusive rights in its copyrights.

64. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Accounts.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: February 25, 2026

                                      **SANDERS LAW GROUP**

                                      By:  */s/ Craig Sanders*
                                      Craig Sanders, Esq.
                                      333 Earle Ovington Blvd, Suite 402
                                      Uniondale, NY 11553
                                      Tel: (516) 203-7600
                                      Email: csanders@sanderslaw.group
                                      File No.: 129458

                                      *Attorneys for Plaintiff*